UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Wells Fargo Bank, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C5,<br><br>           Plaintiff,<br><br>     v.<br><br>CCC Atlantic, LLC,<br><br>           Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 12-521 (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

DINSMORE & SHOHL LLP
By: Richard A. O'Halloran, Esq.
    Alyson H. Ricker, Esq.
502 Carnegie Center
Suite 103
Princeton, New Jersey 08540
    Counsel for Wells Fargo Bank, N.A. as Trustee

SILVERANG & DONOHOE, LLC
By: Mark S. Haltzman, Esq.
    Philip S. Rosenzweig, Esq.
595 East Lancaster Avenue
Suite 203
Saint Davids, Pennsylvania 19087
    Counsel for CCC Atlantic, LLC

**IRENAS**, Senior District Judge:

   Presently pending is Defendant CCC Atlantic's Motion to Stay this case pending the interlocutory appeal of this Court's Order granting Plaintiff Wells Fargo's Motion to Appoint a Receiver and denying CCC Atlantic's Motion to Dismiss for lack of diversity of citizenship. For the reasons stated herein, the Motion to Stay will

be denied; however, the Court will issue a temporary stay to allow CCC Atlantic to submit a stay application to the Court of Appeals.[1]

## I.

The underlying facts of this commercial foreclosure case are recited at length in this Court's opinion available at *Wells Fargo, N.A., Trustee v. CCC Atlantic, LLC*, No. 12-521, ___ F. Supp.2d ___, 2012 WL 5866216 (D.N.J. Nov. 20, 2012). The following procedural history is relevant to the instant Motion.

After this Court granted Wells Fargo's Motion to Appoint a Receiver, and denied CCC Atlantic's jurisdictional motion, CCC Atlantic filed an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(2). That appeal seeks review of both the determination that a receiver should be appointed and the jurisdictional holding.[2] Importantly, in response to defense counsel's request at oral argument on the motions, this Court did not immediately enter Wells Fargo's proposed order appointing a receiver. Instead it merely granted Wells Fargo's Motion to Appoint a Receiver, and scheduled a

---

[1] *See* Fed. R. App. P. 8(a) (providing that a motion for stay pending appeal may be filed with the Court of Appeals after the district court denies such an application).

[2] CCC Atlantic actually filed two separate Notices of Appeal: one appealing the jurisdictional holding and one appealing the receivership determination.
   It is not clear why two notices were filed considering: (1) a single opinion and order resolved both the Motion to Dismiss and the Motion to Appoint a Receiver; and (2) CCC Atlantic contends that the Court of Appeals has pendent jurisdiction to consider the jurisdictional holding along with the receivership determination.

hearing concerning the proposed receivership order.

Prior to the scheduled hearing, CCC Atlantic filed its Notice of Appeal.  Initially, this Court *sua sponte* adjourned the hearing concerning the proposed receivership order in light of the pending appeal.  However, it then came to the Court's attention that,

> [a]n interlocutory appeal does not divest the district court of jurisdiction to act on the case.  *See U.S. v. Price*, 688 F.2d 204, 215 (3d Cir. 1982).  Moreover, a district court may modify or clarify the order which is the subject of the interlocutory appeal, so long as the district court's action will not materially alter the matters presented for appellate review. *See Federal Trade Com'n v. Enforma Natural Products, Inc.,* 362 F.3d 1204, 1216 n.11 (9th Cir. 2004) (explaining in an appeal from an order granting a preliminary injunction, "[w]e have recognized an exception to the general rule that the filing of a notice of appeal divests the trial court of jurisdiction where the district court action aids this court in its review.  The appellate court is entitled to review a fixed, rather than a mobile, record.  Additional findings that move the target are disfavored. Additional findings that merely set the target in place, however, are acceptable.") (internal citations and quotations omitted); *Dixon v. Edwards,* 290 F.3d 699, 709 n.14 (4th Cir. 2002) (stating that "the district court retained authority to act" to remedy imprecise wording of preliminary injunction order even after an interlocutory appeal of the order was filed).

(Order of November 28, 2012; Docket Entry # 48)  Accordingly, the Court rescheduled the receivership hearing.

CCC Atlantic then moved to stay the case pending the disposition of its interlocutory appeal.  However, just prior to oral argument on the Motion to Stay, CCC Atlantic filed for bankruptcy.  Thus, in light of the automatic stay, the case was administratively terminated on December 7, 2012, and the Motion to Stay was mooted.

CCC Atlantic's bankruptcy case was dismissed without prejudice

on February 8, 2013.  On February 11, 2013 this Court issued an Order reopening the case and reinstating the instant Motion to Stay.

## II.

Federal Rule of Civil Procedure 62 provides in relevant part, "unless the court orders otherwise," "an interlocutory . . . judgment in an action for a receivership" is "not stayed after being entered, even if an appeal is taken."  Fed. R. Civ. P. 62(a)(2).

The Court may, in its discretion, "order otherwise", Fed. R. Civ. P. 62(a)(2), upon concluding that (1) "the stay applicant has made a strong showing that [it] is likely to succeed on the merits;" (2) "the applicant will be irreparably injured absent a stay;" (3) "issuance of the stay will [not] substantially injure the other parties interested in the proceeding;" and (4) "the public interest lies" in issuing a stay.  *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).

## III.

### A.

Before examining the above-recited stay factors, the Court notes that the parties have jointly proposed an order appointing Onyx Equities, LLC as receiver for the property.  The Court will sign and

4

enter that order along with this Opinion and accompanying Order.[3]

**B.**

CCC Atlantic asserts that this Court made four errors which require reversal on appeal and therefore demonstrate its strong likelihood of success on the merits. The Court addresses each one in turn.

First, CCC Atlantic argues that this Court erred in its jurisdictional holding.[4] To the extent CCC Atlantic reasserts its argument that Wells Fargo does not meet the *Navarro* standard for an active trustee, the Court has already addressed those arguments and rejected them as explained in the prior opinion.

---

[3] As discussed at oral argument, absent an order actually appointing a receiver (as opposed to this Court's previous order merely determining that Wells Fargo had a right to the appointment of a receiver), there may have been a jurisdictional defect in CCC Atlantic's pending appeal, insofar as 28 U.S.C. § 1292(a)(2) permits appeals from "interlocutory orders *appointing* receivers" (emphasis added). This Court's order appointing Onyx Equities should address that potential problem, although, of course, only the Court of Appeals can determine whether it may properly exercise appellate jurisdiction pursuant to the relevant statute.

[4] Wells Fargo argues that this Court's analysis of CCC Atlantic's likelihood of success on appeal should be limited to only the receivership determination because there is no independent jurisdictional basis for immediately appealing this Court's holding that diversity of citizenship exists in this case. Wells Fargo's argument is flawed insofar as lack of subject matter jurisdiction would be a basis for reversing this Court's receivership order. Any order issued by a court lacking subject matter jurisdiction is void. *See generally* 11 Wright, Miller & Kane, Federal Practice and Procedure § 2862 ("A judgment . . . is void . . . if the court that rendered it lacked jurisdiction of the subject matter.").

However, CCC Atlantic also asserts that *JPMCC 2005-CIBC13 Collins Lodging, LLC, v. Phillips South Beach, LLC,* 2010 WL 4317000 (S.D. Fla. Oct. 22, 2010), about which this Court received supplemental briefing after oral argument, undermines this Court's conclusion that Wells Fargo's state of citizenship controls in the diversity analysis. In particular, CCC Atlantic takes issue with this Court's observation in footnote 18 of the prior opinion that it would be impractical to expect the individual certificateholders to bring suit to foreclose upon the property at issue. It argues that *Collins Lodging* "held that indeed, it **is** appropriate (where the jurisdictional analysis requires) for the Court to look to the citizenship of each such certificateholder." (Moving Brief p. 14)(emphasis in original)

In this case the Court has held that the jurisdictional analysis does not require looking to the citizenship of the certificateholders because Wells Fargo is an active trustee under *Navarro*. As already explained in the prior opinion, *Collins Lodging*'s holding simply does not apply to this case because in *Collins Lodging* Wells Fargo was not suing in its own right, whereas here Wells Fargo is suing in its own right. *See Wells Fargo,* 2012 WL 5866216 at *5 n.18.

Second, CCC Atlantic asserts that this Court misconstrued or misapplied the law governing the appointment of a receiver. On the contrary, CCC Atlantic has misconstrued the Court's opinion. CCC Atlantic argues that this Court only conducted a "cursory consideration of the[] equitable factors" to be considered in the

6

Case 1:12-cv-00521-JEI-JS   Document 64   Filed 02/15/13   Page 7 of 11 PageID: 1142

appointment of a receiver and instead "consider[ed] the contractual provisions [concerning the appointment of a receiver to collect rents in the event of default] to be an absolute agreement *ex ante* to the appointment of a receiver."  (Moving Brief, p. 16-19)  A complete reading of the Court's opinion undermines CCC Atlantic's argument.  The standard this Court applied is set out at the beginning of the section addressing the Motion to Appoint a Receiver:

> [w]hen considering whether to appoint a receiver in the context of a mortgage foreclosure, the following factors guide the Court in its exercise of discretion: "the property is inadequate security for the loan; the mortgage contract contains a clause granting the mortgagee the right to a receiver; the continued default of the mortgagor; the probability that foreclosure will be delayed in the future; the unstable financial status of the mortgagor; [and] the misuse of project funds by the mortgagor." *United States v. Berk & Berk*, 767 F. Supp. 593, 597 (D.N.J. 1991); *see generally Canada Life Assurance Co. v. Alfred R. Lapeter*, 563 F.3d 837, 845 (9th Cir. 2009) ("the district court has broad discretion in appointing a receiver, . . . it may consider a host of relevant factors, . . . no one factor is dispositive.").
>
> When the moving party seeks a receiver who will not only collect rents and profits, but will also manage and operate the mortgaged property pending foreclosure, federal courts are particularly cautious in appointing a receiver, and therefore consider whether the evidence demonstrates "'something more'" than just "'the doubtful financial standing'" of the defendant and the "'inadequacy of the security.'" *Canada Life Assurance Co.*, 563 F.3d at 845 (internal citation omitted); *The Chase Manhattan Bank, N.A. v. Turabo Shopping Center, Inc.*, 683 F.2d 25, 26 (1st Cir. 1982) (internal citation omitted).
>
> The additional factors warranting appointment of a receiver to manage the property may include: "the danger of waste[;] delays in foreclosure," *Canada Life Assurance Co.*, 563 F.3d at 845 (internal citation and quotation omitted); the defendant's "fraudulent conduct"; "imminent danger that property [will] be lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal

7

> remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and the plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property." *Turabo Shopping Center, Inc.*, 683 F.2d at 26-27 (internal citation and quotation omitted); *accord Consolidated Rail Corp. v. Fore River Railway Co.*, 861 F.2d 322, 326 (1st Cir. 1988).

*Wells Fargo,* 2012 WL 5866216 at *6-7 (footnotes omitted).

The Court did not exclusively rely on the parties' contractual provisions concerning the appointment of a receiver. As stated in the opinion, the fact that "the mortgage contract contains a clause granting the mortgagee the right to a receiver . . . *United States v. Berk & Berk*, 767 F. Supp. 593, 597 (D.N.J. 1991)" was one "factor" the Court considered in its equitable analysis. *Wells Fargo,* 2012 WL 5866216 at *6.

Third, CCC Atlantic challenges the Court's conclusion regarding its doubtful financial standing, asserting that the failure to cure the tax escrow shortfall does not support such a conclusion. This argument also misconstrues the Court's Opinion. The Court concluded that CCC Atlantic is in doubtful financial standing because of its "*admitted inability* to cure the . . . default *due to cash flow problems*" coupled with its "*continued* failure to cure the default." *Wells Fargo*, 2012 WL 5866216 at *8 (emphasis added); *see also id.* at *3.

Lastly, CCC Atlantic claims this Court made an erroneous finding of fact when it found that the record evidence established that the value of the property is less than the debt owed. CCC Atlantic now

8

asserts for the first time that the Court should not have relied only on the parties' affidavits (Wells Fargo's affidavit from the loan servicing officer, and CCC Atlantic's affidavit from the manager of the property at issue); rather "the Court could and should have given Defendant the benefit of a full valuation hearing with fact witnesses and experts on valuation." (Moving Brief, p. 19)

The case CCC Atlantic cites in support of its argument does not actually support its argument. CCC Atlantic apparently relies on *People of State of Illinois ex rel. Hartigan v. Peters*, for its statement that "[a]s a general rule, the district judge should not resolve a motion for preliminary injunction on affidavits alone." 871 F.2d 1336, 1342 (7th Cir. 1989). However, in that case the Court held that "[t]he district judge acted within his discretion when he denied the motion to dissolve the injunction and vacate the appointment of the receiver" on the basis of affidavits alone. *Id.*[5]; *see generally* 12 Wright, Miller, Kane & Marcus, Federal Practice & Procedure, Civil § 2983 ("the form and quantum of evidence required on a motion requesting the appointment of a receiver is a matter of judicial discretion.").

Moreover, neither in its papers in opposition to the

---

[5] Additionally, the facts of *Peters* are not even remotely analogous to this commercial foreclosure action. *Peters* involved an application of the Illinois Attorney General to place all of the defendant's assets in receivership pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act. 871 F.2d at 1338. The case involved a defendant car dealer who the Attorney General alleged was fraudulently setting back the mileage readings on car odometers before reselling them. *Id.*

9

receivership motion, nor at oral argument on that motion, did CCC Atlantic ask for a valuation hearing. Wells Fargo met its initial burden of persuasion on the value issue when it submitted the affidavit of the loan servicing officer. The burden then shifted to CCC Atlantic to put forth *admissible* evidence rebutting Wells Fargo's proofs. As explained in the prior opinion, CCC Atlantic did not do so. It merely submitted a hearsay statement from an unidentified source concerning the value of the property. *See Wells Fargo*, 2012 WL 5866216 at *8. CCC Atlantic did not propose to submit additional evidence to meet its burden of persuasion even though it was free to make such an application to the Court. It cannot now argue that the Court erred by not scheduling a valuation hearing *sua sponte*.[6]

In conclusion, none of CCC Atlantic's claims of error are meritorious. It has not demonstrated a strong likelihood of success on its interlocutory appeal, therefore the Motion to Stay will be

---

[6] At oral argument on the instant Motion to Stay, CCC Atlantic-- for the first time-- submitted an appraisal of the property which concludes that the property value exceeds the debt. However, CCC Atlantic gives no reason why the appraisal, which is dated November 23, 2011, was not submitted earlier. As a procedural matter, the Court declines to consider this evidence for the first time in the context of a Motion to Stay Pending Appeal.
  Alternatively, even if the Court were to accept as true CCC Atlantic's assertion that the property value exceeds the debt, it would not change the Court's conclusion that Wells Fargo is entitled to the appointment of a receiver. As this Court previously held, and reaffirms here, there are many other factors, including the provisions of the parties' agreements, CCC Atlantic's doubtful financial standing, the improper diversion of income generated by the property, and the balance of equities, which weigh in favor of appointing a receiver.

denied.

**IV.**

In light of the foregoing, Defendant's Motion to Stay the case pending its interlocutory appeal will be denied.  However, a temporary stay through and including February 25, 2013 will be entered to allow Defendant an opportunity to file a stay application with the Court of Appeals.  An appropriate Order accompanies this Opinion.


February 15, 2012                          s/ Joseph E. Irenas
                                     Joseph E. Irenas, S.U.S.D.J.

11